**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ANGELIQUE MOORE,** *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) **Civil Action No. 12-0490 (BAH)** |
| **DISTRICT OF COLUMBIA,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| | ) |
| | ) |

**JOINT PRETRIAL STATEMENT**

The parties, by and through counsel, submit the following Joint Pretrial Statement:

I.      **STATEMENT OF THE CASE**

The claims in this case arise from an encounter on April 1, 2011, between plaintiffs

Angelique Moore and her son Eric Moore, who both reside in the District of Columbia, and

defendants Lieutenant John Alter and Officers Michael Callahan, Jeremy Sharpton, Hilary

Dossen, and Tony Coles of the Metropolitan Police Department.  The District of Columbia,

which employed Lieutenant Alter and his officers, also is a defendant.  The encounter began

when Eric Moore was riding his bike along the sidewalk in front of a family friend's home,

which was next door to a barbershop, where the five defendant police officers had just executed

a search warrant.  This incident ended with Mr. Moore and his mother on the ground and Mr.

Moore being arrested.  Plaintiffs allege that during the course of the incident, one or more

defendants violated plaintiffs' constitutional rights, assaulted and/or battered plaintiffs through

verbal abuse and/or physically tackling the plaintiffs, falsely arrested Mr. Moore, negligently

inflected emotional distress on plaintiffs, and/or negligently failed to supervise one or more of

the other defendants by allowing them to engage in the acts Ms. Moore and Mr. Moore allege.

As a result of the defendants intentional and/or negligent actions, Ms. Moore and her son allege

that they suffered bodily injury, emotional distress, and/or other adverse effects.  Defendants

deny the allegations made by plaintiffs and assert that the arrest of Eric Moore was lawful and

that they did not utilize excessive force against plaintiffs.  This case is in federal court because

Ms. Moore and Mr. Moore assert that defendants violated the federal Civil Rights Act found in

Section 1983 of title 42 of the United States Code by violating plaintiffs' rights under the United

States Constitution.

## II.    <u>STATEMENT OF CLAIMS MADE BY PLAINTIFFS</u>

Plaintiff Angelique Moore's claims:

1. Violation of her Fifth Amendment rights against defendants Alter, Callahan, Sharpton, Dossen, and Coles (collectively, the "MPD Officer Defendants");

2. Common law negligence against the District and Officer Callahan;

3. Negligent infliction of emotional distress against the District and Officer Callahan;

4. Battery against the District and Officer Callahan;

5. Common law negligent supervision against the District and Lieutenant Alter.

Plaintiff Eric Moore's claims:

1. Violation of his Fourth Amendment rights against the MPD Officer Defendants;

2. Assault and battery against Lieutenant Alter and the District;

3. Assault and battery against Officer Callahan and the District;

4. False arrest against the District and Officers Callahan, Sharpton, and Dossen;

5. Negligent infliction of emotional distress against Officer Callahan and the District; and

6. Common law negligent supervision against Lieutenant Alter and the District.

## III.    STATEMENT OF DEFENSES RAISED BY DEFENDANTS

1. The MPD Officer Defendants are entitled to qualified immunity as to the Fourth Amendment claim based on false arrest.

2. The MPD Officer Defendants had probable cause to arrest Mr. Moore.

**Plaintiffs' Objection:**  This defense is duplicative of Defense 1, and Defendants failed to assert this defense in their operative Answer in this case.

3. The MPD Officer Defendants did not act in a manner which was extreme or outrageous under the circumstances.

**Plaintiffs' Objection:**  Defense 3 is not an affirmative defense, and Defendants failed to assert this defense in their operative Answer in this case.

4. The MPD Officer Defendants performed their obligations, if any, towards plaintiffs in accordance with all applicable statutory, regulatory, constitutional, and common law requirements.

5. At all times relevant herein, the MPD Officer Defendants acted in good faith and with the reasonable belief that their actions were lawful under the circumstances.

6. If plaintiffs were injured and/or damaged as alleged in the complaint, such injuries/damages were the result of plaintiffs' own intentional, illegal or otherwise wrongful conduct.

7. Plaintiffs may have failed to mitigate any alleged damages or injuries suffered.

8. Plaintiffs' punitive damages claims against the MPD Officer Defendants fail as a matter of law because they cannot establish by clear and convincing evidence that the officers acted with evil motive, actual malice, deliberate violence or oppression, or with intent to injure, or in willful disregard for the rights of the Plaintiffs; and that the defendant officers' conduct was outrageous, grossly fraudulent, or reckless toward the safety of the plaintiff. *See Standardized Civil Jury Instruction No.* 16-1.

**Plaintiffs' Objection:**  Defense 8 identified by defendants is not an affirmative defense, and Defendants failed to assert this defense in their operative Answer in this case.  Moreover, as defendants' reference to Standardized Civil Jury Instruction No. 16.01 demonstrates, it is an

issue for the jury to determine, not an issue "as a matter of law", whether plaintiffs can establish

by clear and convincing evidence that the MPD Defendant Officers acted with evil motive,

actual malice, deliberate violence or oppression, or intent to injure, or in willful disregard for the

plaintiffs' rights and whether the MPD Defendant Officers' conduct itself was outrageous,

grossly fraudulent, or reckless toward plaintiffs' safety.

9.  The Defendants will rely on all defenses lawfully available to them , including, but not limited to, those asserted in their Answer and supported by the record facts.

## IV.   WITNESS SCHEDULE (EXCLUSIVE OF IMPEACHMENT WITNESSES)

### PLAINTIFFS' SCHEDULE OF WITNESSES:

| Name and Address | Topic | Time |
|---|---|---|
| Angelique Moore<br>32 Galveston Street SW, Apt. 301<br>Washington, DC  200032 | Testimony regarding the incident in question and the injuries and damages she and her son suffered as a result of the incident. | 4 hours |
| Eric Moore<br>32 Galveston Street SW, Apt. 301<br>Washington, DC  200032 | Testimony regarding the incident in question and the injuries and damages he and his mother suffered as a result of the incident. | 4 hours |
| Vincent Moore<br>32 Galveston Street SW, Apt. 301<br>Washington, DC  200032 | Testimony regarding the incident in question and the injuries and damages suffered by Angelique Moore and Eric Moore as a result of the incident. | 2 hours |
| Catherine Goodyear, PA-C<br>Suburban Hospital<br>Emergency Department<br>8600 Old Georgetown Road<br>Bethesda, MD  20814 | Testimony regarding her treatment of Ms. Moore's physical injuries resulting from the incident. | 2 hours |
| Margaret Duffy, RN<br>Suburban Hospital<br>Occupational Health Services<br>8600 Old Georgetown Road<br>Bethesda, MD  20814 | Testimony regarding her treatment of Ms. Moore's physical injuries resulting from the incident. | 2 hours |

| Mahidhar M. Durbhakula, M.D. OrthoBethesda The Camalier Building 10215 Fernwood Road Bethesda, MD  20817 | Testimony regarding his treatment of Ms. Moore's physical injuries resulting from the incident. | 2 hours |
|---|---|---|
| Anthony Skipper Suburban Hospital Dietary and Food Services 8600 Old Georgetown Road Bethesda, MD  20814 | Testimony regarding Ms. Moore's work restrictions resulting from the injuries she suffered as a result of the incident. | 1 hour |
| Denise Stansbury Suburban Hospital Dietary and Food Services 8600 Old Georgetown Road Bethesda, MD  20814 | Testimony regarding Ms. Moore's work restrictions resulting from the injuries she suffered as a result of the incident. | 1 hour |

Plaintiffs reserve the right to call witnesses not listed above as rebuttal witnesses.
Plaintiffs also reserve the right to call any witnesses listed in Defendants' witness list in its case-in-chief that is not objected to by Plaintiffs.

Defendants object to more than one health care provider testifying as to medical treatment and more than one employer testifying as to work restrictions.  Defendants further object to any medical provider testifying as to the permanent nature of any injuries sustained by Plaintiff Angelique Moore on the grounds that no medical provider was identified as an expert witness who would have been required to file an expert report.  The issue of permanent  injury is outside of the four corners of the medical reports.  Moreover, Plaintiff Angelique Moore denied suffering from any current injury at the time of her deposition.

**DEFENDANTS' SCHEDULE OF WITNESSES:**

| Name and Address | Topic | Time |
|---|---|---|
| Lt. John Alter<br>Metropolitan Police Department | Lt. Alter will testify as to his observations as to the incident in question. | 45 minutes for Direct |
| Officer Michael Callahan<br>Metropolitan Police Department | Officer Callahan will testify as to his observations as to the incident in question. | 45 minutes for Direct |
| Officer Jeremy Sharpton<br>Metropolitan Police Department | Officer Sharpton will testify as to his observations as to the incident in question. | 45 minutes for Direct |
| Officer Hilary Dossen<br>Metropolitan Police Department | Officer Dossen will testify as to his observations as to the incident in question. | 45 minutes for Direct |
| Officer Tony Coles<br>Metropolitan Police Department | Officer Coles will testify as to his observations as to the incident in question. | 45 minutes for Direct |

## V.   PLAINTIFFS' EXHIBITS TO BE OFFERED IN EVIDENCE:

Plaintiff hereby submits the following exhibits for use at the trial of this matter:

Exhibit 1      Investigative File of Office of Police Complaints regarding Complaint 11-0317

**Defendants object to the investigative file on the grounds of hearsay and relevance except for the actual written statements of the defendants.**

Exhibit 2      Memorandum of Interview of Officer Hilary Dossen, OPC Case No. 11-0317

**Defendants object to the admission of any interview summary prepared by an investigator on grounds of hearsay.**

Exhibit 3      Google Maps Photographs of 1433 Good Hope Rd SE
Exhibit 4      Google Maps printout showing location of 1433 Good Hope Rd SE
Exhibit 5      2011-04-02 Police Report of Michael Callahan
Exhibit 6      Memorandum of Interview of Officer Michael Callahan, OPC Case No. 11-0317

**Defendants object to the admission of any interview summary prepared by an investigator on grounds of hearsay.**

Exhibit 7      MPD Incident-Based Event Report No. 11044056
Exhibit 8      Memorandum of Interview of Officer Tony Coles, OPC Case No. 11-0317

**Defendants object to the admission of any interview summary prepared by an investigator on grounds of hearsay.**

Exhibit 9        Moore Medical and Employment Records
**Defendants stipulate that the medical records and bills are authentic.  Defendants do object to the admission of the medical records and bills unless they are supported by live testimony.  Defendants object to the admission of employment records on the grounds that Plaintiff Angelique Moore did not disclose her claim for lost wages during discovery.**

Exhibit 10        FRCP 30(b)(6) Notice to Defendant District of Columbia
**Defendants object on grounds of relevance.**

Exhibit 11        MPD Lesson Plan – D.C. Code Part 1
**Defendants object on grounds of relevance.**

Exhibit 12        MPD Lesson Plan – Disorderly Conduct
**Defendants object on grounds of relevance.  Plaintiff was arrested for threats not disorderly conduct.**

Exhibit 13        MPD General Order – Handling Assaults on Police Officers
**Defendants object on grounds of relevance.**

Exhibit 14        MPD General Order – Use of Force
**Defendants object on grounds of relevance in that MPD General Orders are not relevant to Plaintiffs' Fourth and Fifth Amendment claims and assault and battery claims.  *See English v. District of Columbia*, 651 F.3d 1, 9-10 (D.C. Cir. 2011).**

Exhibit 15        MPD Special Order – Arrest Books
**Defendants object on grounds of relevance.**

Exhibit 16        MPD Disorderly Conduct PDT 2011 Presentation
**Defendants object on grounds of relevance.  Plaintiff was arrested for threats not disorderly conduct.**

Exhibit 17        MPD Office of Professional Responsibility Force Investigation Team
                 Organizational Plan and Operations Manual
**Defendants object on grounds of relevance.**

Exhibit 18        MPD General Order – Force-Related Duty Status Determination
**Defendants object on grounds of relevance.**

Exhibit 19        MPD Special Order – Injured Persons to the Hospital
**Defendants object unless Plaintiffs lay the proper foundation for admissibility.**

Exhibit 20        MPD Special Order – Instructions for Completing the Use of Force
                 Incident Report
**Defendants object on grounds of relevance.**

Exhibit 21      MPD Training History Report – John R. Alter
**Defendants object on grounds of relevance.**

Exhibit 22      MPD Training History Report – Hilary W. Dossen
**Defendants object on grounds of relevance.**

Exhibit 23      MPD Training History Report – Jeremy M. Sharpton
**Defendants object on grounds of relevance.**

Exhibit 24      MPD Training History Report – Michael C. Callahan
**Defendants object on grounds of relevance.**

Exhibit 25      MPD Training History Report – Tony M. Coles
**Defendants object on grounds of relevance.**

Exhibit 26      MPD PDT 2011 Individual Training Records
**Defendants object on grounds of relevance.**

Exhibit 27      MPD General Order – Use of Force Investigations
**Defendants object on grounds of relevance.**

Exhibit 28      MPD Circular – Disorderly Conduct
**Defendants object on grounds of relevance.  Plaintiff was arrested for threats not disorderly conduct.**

Exhibit 29      MPD General Order – Field Reporting System
**Defendants object on grounds of relevance.**

Exhibit 30      MPD General Order – Handling Assaults on Police Officers
**Defendants object on grounds of relevance.**


Defendants hereby submit the following exhibits for use at the trial of this matter:

Exhibit 1      Photographs of Scene


## VI.   <u>**DEPOSITION DESIGNATIONS**</u>

Plaintiffs do not anticipate offering deposition transcripts or videotaped depositions into evidence at trial unless a witness proves to be unavailable, or such deposition is used as prior consistent testimony.  Plaintiffs reserve the right to use any deposition testimony taken in this matter as evidence as permitted by the rules.  In the event any witness is unavailable for trial, plaintiffs reserve the right to rely on the deposition testimony of those witnesses.

Defendants have no deposition designations to offer at this time. Any use of depositions will be for impeachment purposes. Defendants object to Plaintiffs' proposed use of deposition transcripts as prior consistent statements.

## VII.   ITEMIZATION OF DAMAGES:

Plaintiff Angelique Moore seeks the following damages:

1. Violation of her Fifth Amendment rights against the MPD Officer Defendants in the amount of at least $2,000,000, including $23,520 in lost wages, approximately $1,100 in medical expenses, and amounts for pain and suffering and emotional distress to be proven at trial;

2. Common law negligence against the District and Officer Callahan in the amount of at least $2,000,000, including $23,520 in lost wages, approximately $1,100 in medical expenses, and amounts for pain and suffering and emotional distress to be proven at trial;

3. Negligent infliction of emotional distress against the District and Officer Callahan in the amount of at least $2,000,000, including $23,520 in lost wages, approximately $1,100 in medical expenses, and amounts for pain and suffering and emotional distress to be proven at trial;

4. Battery against the District and Officer Callahan in the amount of at least $2,000,000, including $23,520 in lost wages, approximately $1,100 in medical expenses, and amounts for pain and suffering and emotional distress to be proven at trial;

5. Common law negligent supervision against the District and Lieutenant Alter in the amount of at least $2,000,000, including $23,520 in lost wages, approximately $1,100 in medical expenses, and amounts for pain and suffering and emotional distress to be proven at trial.

Plaintiff Eric Moore's claims:

1. Violation of his Fourth Amendment rights against the MPD Officer Defendants in the amount of at least $2,000,000, including amounts for pain and suffering and emotional distress to be proven at trial;

2. Assault and battery against Lieutenant Alter and the District in the amount of at least $2,000,000, including amounts for pain and suffering and emotional distress to be proven at trial;

3. Assault and battery against Officer Callahan and the District in the amount of at least $2,000,000, including amounts for pain and suffering and emotional distress to be proven at trial;

4. False arrest against the District and Officers Callahan, Sharpton, and Dossen in the amount of at least $2,000,000, including amounts for pain and suffering and emotional distress to be proven at trial;

5. Negligent infliction of emotional distress against Officer Callahan and the District in the amount of at least $2,000,000, including amounts for pain and suffering and emotional distress to be proven at trial; and

6. Common law negligent supervision against Lieutenant Alter and the District in the amount of at least $2,000,000, including amounts for pain and suffering and emotional distress to be proven at trial.

Plaintiffs also seek punitive damages against the MPD Officer Defendants in the amount of $2,000,000 as well as attorneys' fees to date in the amount of $490,000 and costs to date in the amount of $17,000.  Plaintiffs reserve the right to seek such additional attorneys' fees and costs as are incurred between the filing of this pretrial statement and final resolution of this matter.

Defendants object to any claim on the part of Angelique Moore for lost wages as that claim was not disclosed by Plaintiff during discovery.  Defendants seek a judgment in their favor and costs.

## VIII. STIPULATIONS

### A. Agreed Stipulations:

1. The authenticity of MPD documents and radio call transmissions produced during discovery.

2. Defendants Alter, Callahan, Sharpton, Dossen, and Coles were acting within the scope of their employment for the District of Columbia.

3. The authenticity of the medical and employment records of Ms. Moore.

## IX. MOTIONS IN *LIMINE*

None

## X. PROPOSED JURY INSTRUCTIONS:

See Appendix A for the parties' joint proposed jury instructions.

See Appendix B for Plaintiffs' Proposed Non-Standard Jury Instructions.

See Appendix C for Defendants' Proposed Non-Standard Jury Instructions.

## XI.  **PROPOSED *VOIR DIRE* QUESTIONS**

See Appendix D for the parties' joint proposed *voir dire* questions.

## XII.  **PROPOSED VERDICT FORM**

See Appendix E for Plaintiffs' Proposed Verdict Form.

See Appendix F for Defendants' Proposed Verdict Form.

Dated:  March 31, 2015

Respectfully submitted,

DICKSTEIN SHAPIRO LLP

By:  *s/ Jason D. Wallach*
     Jason D. Wallach (Bar No. 456154)
     1825 Eye Street, NW
     Washington, DC 20006-5403
     Telephone: (202) 420-2200
     Facsimile: (202) 420-2201

     *Attorneys for Plaintiffs*
     *Angelique Moore and*
     *Eric Moore*

KARL. A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ Darrell Chambers
DARRELL CHAMBERS [#980872]
Chief, Section II
Civil Litigation Division

/s/ Robert A. DeBerardinis, Jr.
ROBERT A. DEBERARDINIS, JR. [#335976]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, DC 20001
(202) 724-6642
robert.deberardinis@dc.gov

Counsel for Defendants

# Appendix A
# Joint Proposed Jury Instructions

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ANGELIQUE MOORE**, *et al.*,      ) | |
| ) | |
| **Plaintiffs,**      ) | |
| ) | |
| **v.**      ) | **Civil Action No. 12-0490 (BAH)** |
| **DISTRICT OF COLUMBIA**, *et al.*,      ) | |
| ) | |
| **Defendants.**      ) | |
| ) | |
| ) | |
| ) | |

**JOINT PRETRIAL STATEMENT:  PROPOSED JURY INSTRUCTIONS**

**Jointly Proposed Instructions**

**Instruction No. 1:  Function of the Court**

**[1 Civil Jury Instructions for D.C. §§ 1.01, 1.06 (modified)]**

My duty at this point is to instruct you as to the law and the legal principles that apply to this case.  It is your duty to accept the law as I state it to you without questioning the wisdom of these instructions.  Regardless of any opinion that you may have as to what the law may be – or ought to be – it would violate your sworn duty as jurors to base a verdict upon any other view of the law than is stated in my instructions.  In addition, if any of the lawyers have stated a legal principle differently than I state in my instructions, it is my instructions that you must follow.

You must treat and consider all of these instructions as a whole.  You must not single out any particular instruction or sentence while ignoring others.  You must give each instruction equal importance and consider each one equally with all other instructions.

**Instruction No. 2:  Function of the Jury**

**[1 Civil Jury Instructions for D.C. § 1.02 (modified)]**

Your function as jurors is to decide the facts, and you, as members of the jury, are the sole and exclusive judges of the facts.  You pass upon the evidence.  You determine the credibility and believability of the witnesses.  You resolve any conflicts that you might have heard in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them.  And you determine the weight, effect, and value of the evidence.

In determining the facts, you are reminded that you took an oath to render your verdict impartially and fairly, without prejudice, sympathy, fear, or favor, based solely upon the facts as you determine them from the evidence, and the applicable law as I state it.

**Instruction No. 3:  Significance of Party Designations**

**[1 Civil Jury Instructions for D.C. § 1.03 (modified)]**

During the course of the trial, you have heard references to the terms plaintiffs and defendants.  To put it as simply as possible, the plaintiffs are the people who start a lawsuit, and the defendants are the people who are sued by the plaintiffs.

During your deliberations, you must not attach any significance to the terms plaintiff and defendant when weighing the evidence.  In other words, the fact that the plaintiffs filed a lawsuit against the defendants does not mean that the plaintiffs are entitled to your verdict or that their evidence is entitled to greater weight than the defendants' evidence.  The plaintiffs must prove every element of their claims against the defendants by a preponderance of the evidence before the plaintiffs are entitled to prevail against the defendants.

**Instruction No. 4:  Jury Not to Take Cue from the Judge**

**[1 Civil Jury Instructions for D.C. §§ 1.07, 1.08 (modified)]**

During the course of the trial, I may have asked questions of a witness to obtain information, to bring out facts, or to expedite the trial.  You should not take my questions to witnesses as any indication of my opinion about how you should determine the facts.

Similarly, if I have said or done anything at any time during this case, including giving these instructions, which seemed to indicate my opinion on any of these matters, then I instruct you to disregard that indication.  Nothing I have said or done should influence or suggest to you that I favor any party in this case.  I have not meant to express, or to suggest, any opinion about which witnesses should be believed or which facts are established.

**Instruction No. 5:  Equality of Litigants**

**[1 Civil Jury Instructions for D.C. §§ 1.12 (modified)]**

Our system of justice requires that you decide the facts of this case in an impartial manner. You must not be influenced by bias, sympathy, prejudice or public opinion.  It is a violation of your sworn duty to base your verdict upon anything other than the evidence in the case.  In reaching a just verdict, you must consider and decide this case as an action between persons of equal standing in the community and of equal worth.  All persons stand equal before the law and must be treated as equals in this court.

Defendants Alter, Callahan, Sharpton, Dossen, and Coles are law enforcement officers employed by the District of Columbia Metropolitan Police Department.  These officers, like the plaintiffs, testified as witnesses at trial.  A police officer's testimony should be considered by you just as any other witness's testimony or other evidence in the case would be.  In evaluating the officer's credibility you should use the same guidelines that you apply to the testimony of any

other witness.  In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a police officer.

### Instruction No. 6:  Conduct of Counsel

### [1 Civil Jury Instructions for D.C. § 1.10 (modified)]

There were times during the trial when a lawyer made an objection to a question asked by another lawyer or to an answer given by a witness.  The lawyers also have occasionally asked the Court to make rulings of law and requested conferences at the bench, outside of the hearing of the jury.  It is the lawyers' right and duty to make objections or ask for bench conferences if the lawyers believe something improper is being done or have a question for the Court.

You should not be influenced by any lawyer's objections, no matter how I ruled upon them.  When I sustained an objection to a question, the witness was not allowed to answer it.  Do not attempt to guess what the answer might have been had I allowed the question to be answered.  Similarly, when I told you to disregard a particular answer, you should have put that statement out of your mind, and you may not refer to that stricken answer during your deliberations.  If certain testimony was received for a limited purpose, then you must follow the applicable limiting instructions I have given.  Likewise, if I sustained an objection to any exhibits or ordered them stricken, then those stricken exhibits are not evidence and you must not consider them.

### Instruction No. 7:  Evidence and Inferences

### [1 Civil Jury Instructions for D.C. §§ 2.01, 2.03 (modified)]

You may consider only the evidence properly admitted in the case.  Evidence includes the sworn testimony of witnesses, exhibits admitted into evidence, and facts stipulated and agreed to by counsel.  You may consider any facts to which all counsel have agreed or stipulated to be undisputed evidence.

When you are considering the evidence, however, you are not limited solely to the statements of the witnesses.  You are permitted to draw from the evidence any inferences or conclusions that reason and common sense lead you to make.  However, you should not engage in speculation or make a decision based upon conjecture.

### Instruction No. 8:  Statements of Counsel

### [1 Civil Jury Instructions for D.C. § 2.05 (modified)]

Statements and arguments of the lawyers, such as their opening statements and closing arguments, are not evidence.  They are intended only to help you understand and interpret the evidence from each party's perspective.  The questions that the lawyers ask are not evidence.  A lawyer's question that contains an assertion of a fact does not provide evidence of that fact unless a witness responded to the question in the affirmative.

### Instruction No. 9:  Jury's Recollection Controls

### [1 Civil Jury Instructions for D.C. § 2.06]

During this case, I or the lawyers may have called your attention to certain evidence.  If you remember that evidence differently from the way I or the lawyers stated it, then you should disregard our characterization of the evidence and rely upon your own memory.

### Instruction No. 10:  Direct and Circumstantial Evidence

### [1 Civil Jury Instructions for D.C. § 2.10]

There are two types of evidence:  direct and circumstantial.  Direct evidence is the direct proof of a fact, such as the testimony of an eyewitness.  Circumstantial evidence is indirect evidence of a fact which is established or logically inferred from a chain of other facts or circumstances.  For example, direct evidence of whether an animal was running in the snow might be the testimony of a person who actually saw the animal in the snow.  Circumstantial evidence

might be the testimony of a person who saw the tracks of the animal in the snow, rather than the animal itself.

You may consider both types of evidence equally.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  The law does not require a greater degree of certainty for circumstantial evidence than of direct evidence.  You should weigh all the evidence in the case, both direct and circumstantial, and find the facts in accordance with that evidence.

### Instruction No. 11:  Burden of Proof

### [1 Civil Jury Instructions for D.C. § 2.08]

The party who makes a claim has the burden of proving it.  This burden of proof means that the plaintiffs must prove every element of their claims by a preponderance of the evidence.  To establish a fact by a preponderance of the evidence is to prove that it is more likely so than not so.  In other words, a preponderance of the evidence means that the evidence produces in your mind the belief that the thing in question is more likely true than not true.

If, after considering all of the evidence, the evidence favoring the plaintiffs' side of an issue is more convincing to you, and causes you to believe that the probability of truth favors the plaintiffs on that issue, then the plaintiffs will have succeeded in carrying the burden of proof on that issue.  The term "preponderance of the evidence" does not mean that the proof must produce absolute or mathematical certainty.  For example, it does not mean proof beyond a reasonable doubt as is required in criminal cases.

Whether there is a preponderance of the evidence depends on the quality, and not the quantity, of evidence.  In other words, merely having a greater number of witnesses or documents bearing on a certain version of the facts does not necessarily constitute a preponderance of the

evidence.  If you believe that the evidence is evenly balanced, on an issue the plaintiffs had to prove, then your finding on that issue must be for the defendant.

In this case, the defendants have asserted affirmative defenses that defendants must prove by a preponderance of the evidence. When I discuss each of these defenses, I will instruct you on the defendants' burden of proof.

## Instruction No. 12:  Evidence Produced by Adversary

### [1 Civil Jury Instructions for D.C. § 2.09]

In determining whether any fact has been proved by a preponderance of the evidence, you should consider all the evidence bearing upon that fact, regardless of who produced it.  A party is entitled to benefit from all evidence that favors him or her whether he or she produced it or the opposing party produced it.

## Instruction No. 13:  Credibility of Witnesses

### [1 Civil Jury Instructions for D.C. § 3.01]

In evaluating the evidence and deciding what the facts are, you must consider and weigh the testimony of all the witnesses who have appeared before you.  You are the sole judges of the credibility of the witnesses.  In other words, you alone are to determine whether to believe any witness and to what extent any witness should be believed.  If there is any conflict in the testimony between a witness's testimony and other evidence, it is your function to resolve the conflict and to determine where the truth lies.

In deciding the credibility of any witness, you may consider any matter that may have a bearing on the subject.  You may consider the appearance and the behavior of the witness on the witness stand; whether the witness impresses you as a truthful individual; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any

motive for not telling the truth; whether the witness had full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case; or whether the witness has any friendship or animosity toward other persons concerned in this case.

You may consider the reasonableness or unreasonableness, and the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate.  You may consider whether the witness has been contradicted or corroborated by other credible evidence.

If you believe that any witness has shown himself to be biased or prejudiced, either for or against either side in this trial, you may consider and decide whether that bias or prejudice has colored the testimony of the witness so as to affect the witness's desire and capability to tell the truth.

You should give the testimony of each witness as much weight as you believe it is fairly entitled to receive.

### Instruction No. 14:  Number of Witnesses

### [1 Civil Jury Instructions for D.C. § 3.02]

The relative weight of the evidence on a particular issue is not determined by the number of witnesses testifying for either side.  You should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of greater belief.  You may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side.  Indeed, the testimony of a single witness, which you believe to be the truth, is enough to prove any fact.

9

If, after considering all the evidence in the case, you hold a greater belief in the accuracy and reliability of one or a few witnesses' testimony, then you may base your verdict on that testimony, even though a larger number of witnesses may have testified to the contrary.

### Instruction No. 15:  Impeachment by Prior Inconsistent Statements

### [1 Civil Jury Instructions for D.C. § 3.08]

The testimony of a witness may be discredited or impeached by showing that he or she has previously made statements that are inconsistent with his or her present courtroom testimony.  It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact inconsistent with the witness's testimony in court here.

If a witness at trial has been confronted with a prior statement that the witness made, and that prior statement is inconsistent with testimony here in court, then you may consider the prior statement when you assess the truthfulness of the testimony in court.

If the witness made the prior inconsistent statement under oath subject to the penalty of perjury or at a deposition, then you may also treat that prior statement as evidence in this case – that is, you may treat what the witness said in that prior statement as evidence like any other evidence in this case.

If the witness was not under oath subject to the penalty of perjury or at a deposition when he or she made the statement, then you may not treat the prior statement as evidence of the facts in the statement.  You may consider the statement only to evaluate the witness's credibility, that is, you may use the prior statement only to determine whether to believe the witness's present testimony in court.

If you believe that any witness has been discredited or impeached, then you should give his or her testimony the weight, if any, that you judge it is fairly entitled to receive.

**Instruction No. 16:  Adopting Prior Inconsistent Statements**

**[1 Civil Jury Instructions for D.C. § 2.10]**

If a witness testifies that a prior inconsistent statement is the truth, then you may consider the prior statement both to evaluate the witness's credibility and as evidence of the truth of any fact contained in that statement.

In this case, plaintiffs asserts a number of separate claims.  I will now describe each of these claims and the legal standard you must apply in evaluating them.

**Instruction No. 17:  Bystander Liability**

A police officer has an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers.  Even if a police officer was not the person directly committing a constitutional violation, that officer may be held responsible for a constitutional violation when the officer:  (1) knows that a fellow officer is violating an individual's constitutional right; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act.  If you find that Lieutenant Alter, Officer Sharpton, Officer Dossen, and/or Officer Coles were deliberately indifferent to a violation of Mr. Moore's constitutional rights when they knew or should have known of the risks of a constitutional violation, and they failed to act to prevent such constitutional violation, then they have deprived Mr. Moore of a constitutional right.

**Instruction No. 18:  Proximate Cause**

The third element that Mr. Moore must prove is that the defendants' acts were a proximate cause of the injuries he sustained.  Proximate cause means that there must be a sufficient causal connection between the act or omission of a particular defendant and any injury or damage sustained by Mr. Moore.  An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably

11

foreseeable consequence of a defendant's act or omission.  If an injury was a direct result or a reasonably probable consequence of a defendant's act or omission, it was proximately caused by such act or omission.  In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

A proximate cause need not always be the nearest cause either in time or in space.  In addition, there may be more than one proximate cause of an injury or damage.  Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

## **Vicarious Liability**

### **Instruction No. 19:  Vicarious Liability, Scope of Employment**

### **[1 Civil Jury Instructions for D.C. § 6.02 (modified)]**

Ms. Moore and Mr. Moore have alleged that Lieutenant Alter, Officer Callahan, Officer Sharpton, Officer Dossen, and the District of Columbia committed one or more of the following wrongful acts under District of Columbia law:  assault, battery, false arrest, negligent infliction of emotional distress, negligent supervision, and negligence.  An employer is responsible for the wrongful acts of an employee if they were committed in furtherance of the business of the employer.  An employee does an act "in furtherance of the business of the employer" if the employee's act is at least partly motivated by a desire to further the employer's interests.

If the employee is acting "in furtherance of the business of the employer," then the employer is still responsible for the employee's wrongful acts.  The employer is responsible for the wrongful acts even if the employee is disobeying the employer's orders, and even if the act is itself a crime.

12

In this case, the District of Columbia agrees that it employed Lieutenant Alter and Officers Callahan, Sharpton, and Dossen at the time of the incident alleged in this case and that those individuals actions at issue in this case were in furtherance of the business of their employer. Therefore, the District is responsible for any violations of District of Columbia law by Lieutenant Alter and/or Officers Callahan, Sharpton, and Dossen.

## Negligence

### Instruction No. 20:  Elements of a Negligence Cause of Action

### [1 Civil Jury Instructions for D.C. § 5.01 (modified)]

Ms. Moore alleges that Officer Callahan and the District of Columbia were negligent. Ms. Moore must prove that Officer Callahan was negligent and that such negligence proximately caused her injuries and damages.  Ms. Lane must prove both negligence and damages by a preponderance of the evidence.

### Instruction No. 21:  Negligence Defined

### [1 Civil Jury Instructions for D.C. § 5.02 (modified)]

Negligence is the failure to exercise ordinary care.  To exercise ordinary care means to use the same caution, attention or skill that a reasonable person would use under similar circumstances.  It is negligent to do something that a person using ordinary care would not do.  It is also negligent to fail to do something that a person using ordinary care would do.

**Damages**

### Instruction No. 22:  Damages General

### [1 Civil Jury Instructions for D.C. §§ 12.01, 12.02 (modified)]

If you find for the plaintiffs, then you must award the plaintiffs a sum of money that will fairly and reasonably compensate them for all the injuries, harms, and losses that they experienced that you find were proximately caused by the defendants.

When you hear the term damages or monetary damages in these instructions, that term refers to the sums of money for compensation as I have described.

As I instruct you about damages or monetary damages, I do not mean to suggest that you should decide for or against any party on any issue.

The plaintiffs are entitled to damages for any injuries or harms that defendants' wrongful conduct proximately caused.  The defendants are liable to pay monetary damages only for the harms that their conduct caused.  If you find that the defendants' conduct caused only part of the plaintiffs' harms, then the defendants are liable to pay only for that part.

### Instruction No. 23:  Damages Permitted

### [1 Civil Jury Instructions for D.C. §§ 13.01 (modified)]

If you find in favor of the plaintiffs, then you should consider whether they are entitled to any damages.  You may award damages for any of the following items that you find the defendants' conduct proximately caused:

- the extent and duration of any physical injuries sustained by plaintiffs;

- the effects that any physical injuries have on the overall physical and emotional well-being of the plaintiffs;

- any physical pain and emotional distress that the plaintiffs have suffered in the past;

- any physical pain and emotional distress that the plaintiffs may suffer in the future;

14

- any inconvenience the plaintiffs have experienced;

- any inconvenience the plaintiffs may experience in the future;

- any loss of earnings or earning capacity that the plaintiffs may incur in the future; and

- any medical expenses incurred by plaintiffs.

**[Defendants object to the loss of earnings element of this instruction.]**

## Instruction No. 24:  Damages – Burden of Proof

### [1 Civil Jury Instructions for D.C. § 12.03 (modified)]

The burden of proof is upon the plaintiffs to establish all elements of their damages for each claim they assert by a preponderance of the evidence.  The plaintiffs must prove damages with reasonable certainty.  You may only award the plaintiffs damages that are not speculative.  Speculative damages are those that might be possible but are remote or based on guesswork.

The plaintiffs do not have to prove their exact monetary damages.  You may award the plaintiffs monetary damages that are based on a just and reasonable estimate derived from relevant evidence.  Similarly, the plaintiffs do not need to show that there is an absolute certainty that the injury or loss will continue into the future.

## Instruction No. 25:  Damages – Emotional Distress

### [1 Civil Jury Instructions for D.C. § 13.09 (modified)]

Plaintiffs are seeking damages for emotional distress.  If you find that defendants' conduct caused the plaintiffs emotional distress, then you may award damages in an amount to fairly compensate the plaintiffs for emotional distress.

Elements to consider when deciding a damage award include:  any mental pain and suffering, fear, inconvenience, nervousness, indignity, insult, humiliation, or embarrassment that the plaintiffs prove they suffered directly because of the defendants' conduct.

**Instruction No. 26:  Damages Verdict--Multiple Defendants**

**[1 Civil Jury Instructions for D.C. § 12.04 (modified)]**

There are six defendants in the case.  The number of defendants that you may find liable to the plaintiffs should not influence the amount of your verdict.  You must determine what amount will fairly and reasonably compensate the plaintiffs for their injuries or losses.  You should then return a verdict in that amount against the responsible defendants.

**Instruction No. 27:  Punitive Damages (Defendant Not a Corporation)**

**[1 Civil Jury Instructions for D.C. § 16.01 (modified)]**

In addition to compensatory damages, the plaintiffs also seek an award of punitive damages against Lieutenant Alter and Officers Callahan, Sharpton, Dossen, and Coles.  Punitive damages are damages above and beyond the amount of compensatory or nominal damages you may award.  Punitive damages are awarded to punish the defendant for his conduct and to serve as an example to prevent others from acting in a similar way.

You may award punitive damages only if the plaintiffs have proved with clear and convincing evidence:

(1)     that the defendants acted with evil motive, actual malice, deliberate violence or oppression, or with intent to injure, or in willful disregard for the rights of Ms. Moore and/or Mr. Moore; AND

(2)     that the defendant's conduct itself was outrageous, grossly fraudulent, or reckless toward the safety of Ms. Moore and/or Mr. Moore.

You may conclude that the defendants acted with a state of mind justifying punitive damages based on direct evidence or based on circumstantial evidence from the facts of the case.

The clear and convincing evidence standard applies only to your consideration of punitive damages.  Every other issue is governed by a preponderance of the evidence standard.  Clear and

16

convincing evidence is a more exacting standard than proof by a preponderance of the evidence.  I told you before proof by a preponderance of the evidence means you need believe only that a party's claim is more likely true than not.  On the other hand, clear and convincing proof is not as high a standard as the burden of proof applied in criminal cases, which is proof beyond a reasonable doubt, but it is higher than proof by a preponderance of the evidence.  Clear and convincing proof leaves no substantial doubt in your mind.  It is proof that establishes in your mind not only that the proposition at issue is probable, but also that it is highly probable.  It is if the party with the burden of proof establishes his or her claim beyond any substantial doubt.  He or she does not have to dispel every reasonable doubt.

### Instruction No. 28:  Computation of Punitive Damages Award

### [1 Civil Jury Instructions for D.C. § 16.03 (modified)]

If you find that one or more of the plaintiffs is entitled to an award of punitive damages, then you must decide the amount of the award.  To determine the amount of the award you may consider the relative wealth of the defendants you found liable for punitive damages at the time of trial, the nature of the wrong committed, the state of mind of the defendants you found liable for punitive damages when the wrong was committed, and the duration of the litigation.  Your award should be sufficient to punish the defendant(s) you found liable for punitive damages for his/their conduct and to serve as an example to prevent others from acting in a similar way.

### <u>Concluding Instructions</u>

### Instruction No. 29:  Selection of Foreperson

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court.  There are no specific rules regarding how you should select a foreperson.  That is up to you.  However, as you go about the task, be

mindful of your mission – to reach a fair and just verdict based on the evidence.  Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

### Instruction No. 30:  Communication and Research

As you retire to the jury room to deliberate, I also want to remind you of an instruction I gave you at the beginning of the trial.  During deliberations, you may not communicate with anyone not on the jury about the case.  This includes any electronic communication such as email or text or any blogging about the case.  In addition, you may not conduct any independent investigation during deliberations.  This means you may not conduct any research in person or electronically via the internet or in any other way.

### Instruction No. 31:  Communications Between the Court and Jury During Deliberations

If it becomes necessary during your deliberations to communicate with me, you may send a note to the courtroom deputy, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of the case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person – including the courtroom deputy and me – how jurors are voting until after you have reached a unanimous verdict.  This means that you should never tell me, in writing or in open court, how the jury is divided on any matter – for example 4-4 or 7-1 or in any other fashion – or whether the vote favors the plaintiff, the defendant, or is on any other issue in the case.

**Instruction No. 32:  Juror's Duty to Deliberate**

**[1 Civil Jury Instructions for D.C. § 1.04]**

It is your duty as jurors to consult with one another and to deliberate expecting to reach an agreement.  You must decide the case for yourself but you should do so only after thoroughly discussing it with your fellow jurors.  You should not hesitate to change an opinion when convinced that it is wrong.  You should not be influenced to vote in any way on any question jury because another juror favors a particular decision or holds an opinion different from your own.  You should reach an agreement only if you can do so in good conscience.  In other words, you should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of other jurors' opinions.

**Instruction No. 33:  Attitude and Conduct of Jurors in Deliberations**

**[1 Civil Jury Instructions for D.C. § 1.05]**

Remember that you are not advocates in this matter. You are neutral judges of the facts. The final test of the quality of your service will lie in the verdict that you return to this courtroom. You will make an important contribution to the cause of justice if you arrive at a just and proper verdict in this case. Therefore, during your deliberations in the jury room, your purpose should not be to support your own opinion but to determine the facts.

**Instruction No. 34:  Special Verdict Form**

A special verdict form has been prepared for your convenience.  You will take this form with you to the jury room.  You will see that the verdict form contains several questions.  The answer to each question must be the unanimous answer of the jury.  Your foreperson will write the unanimous answer of the jury in the space provided at the end of each question.  As you will see from the instructions in the verdict form, depending on how you answer a question, it may or may not be necessary to answer the next question.  Follow the instructions provided.  The foreperson

will then date and sign the special verdict form as so completed, and you will return with it to the courtroom.

### Instruction No. 35:  Exhibits During Deliberations

I will be sending into the jury room with you the exhibits that have been admitted into evidence.  You may examine any or all of them as you consider your verdicts.  Please keep in mind that exhibits that were only marked for identification purposes but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

### Instruction No. 36:  Furnishing the Jury with a Copy of the Instructions

I will provide you with a copy of my instructions.  During your deliberations, you may, if you want, refer to these instructions.  While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others.  If you have any questions about the instructions, you should feel free to send me a note.  Please return your instructions to me when your verdict is rendered.

### Instruction No. 37:  Delivering the Verdict

When you have reached your verdict, just send me a note telling me you have reached your verdict, and have your foreperson sign the note.  Do not tell me what your verdict is.  The foreperson should fill out and sign the verdict form that will be provided.  We will then call you into the courtroom and ask you your verdict in open court.

# Appendix B
## Plaintiffs' Proposed
## Non-Standard Jury Instructions

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ANGELIQUE MOORE, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 12-0490 (BAH) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

**JOINT PRETRIAL STATEMENT:**
**PLAINTIFFS' PROPOSED NON-STANDARD JURY INSTRUCTIONS**

**Fourth and Fifth Amendment Claims**

**Instruction No. 1:  Section 1983**

**[Final Jury Instructions, *Egudu v. D.C.*, No. 12-1841 (ABJ) (modified;**

**Final Jury Instructions, *Lane v. D.C.*, No. 12-cv-00514 (CRC) (modified)]**

Ms. Moore alleges that Officer Callahan deprived her of her constitutional rights under the

Fifth Amendment by, intentionally and without provocation, tackling her from behind and taking

her to the ground.  Mr. Moore alleges that Officer Callahan deprived Mr. Moore of his

constitutional rights under the Fourth Amendment by exercising excessive force to unlawfully

arrest Mr. Moore.

Plaintiffs allege that Lieutenant Alter and Officers Sharpton, Dossen, and Coles violated

Ms. Moore's Fifth Amendment rights and Mr. Moore's Fourth Amendment rights by failing to

intervene to protect Ms. Moore's and Mr. Moore's constitutional  rights from being violated by

Defendant Callahan.  Ms. Moore and Mr. Moore have brought claims under a federal statute –

42 U.S.C. § 1983 –  that enables individuals to bring lawsuits for certain types of alleged

constitutional violations.  Neither Ms. Moore nor Mr. Moore make claim under this federal statute

against the District of Columbia.

To prevail on this claim, Ms. Moore and Mr. Moore must establish, by a preponderance of

the evidence, each of the following three elements:

- First, that Lieutenant Alter and Officers Callahan, Sharpton, Dossen, and Coles were acting

   under color of state law when Officer Callahan allegedly tackled Ms. Moore and Mr. Moore

   and arrested Mr. Moore and Lieutenant Alter and Officers Sharpton, Dossen, and Coles did not

   intervene to protect Ms. Moore's Fifth Amendment rights or Mr. Moore's Fourth Amendment

   rights from allegedly being violated;

- Second, that the conduct or inaction of Lieutenant Alter and Officers Callahan, Sharpton,

   Dossen, and Coles deprived Ms. Moore and/or Mr. Moore of rights, privileges, or immunities

   secured by the Constitution or laws of the United States; and

- Third, that the conduct or inaction of Lieutenant Alter and Officers Callahan, Sharpton,

   Dossen, and Coles were the proximate cause of the injuries and consequent damages sustained

   by Ms. Moore and/or Mr. Moore.

I instruct you that the first of these elements is satisfied, because Lieutenant Alter and

Officers Callahan, Sharpton, Dossen, and Coles were acting as officials of the District of

Columbia on the afternoon of April 1, 2011.  I shall now examine the second and third elements in

greater detail.

**Instruction No. 2:  Fifth Amendment Violation**

**[Feb. 5, 2015 Memorandum Opinion at 14-17]**

To determine whether Ms. Moore has established a violation of her Fifth Amendment rights, you need to determine whether Officer Callahan, as plaintiffs allege, tackled Ms. Moore from behind, taking her to the ground, and if so, why.  In making your determination, you should evaluate (1) whether Officer Callahan needed to tackle Ms. Moore from behind and take her to ground; (2) the relationship between Officer Callahan's need to tackle Ms. Moore from behind and take her to ground and the amount of force he applied; (3) the extent of Ms. Moore's injuries resulting from Officer Callahan's alleged actions; and (4) whether Officer Callahan applied the force in good faith in an effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.  If you determine that Officer Callahan's alleged tackle of Ms. Moore was an unprovoked physical attack by a police officer on a public street involving an amount of force that resulted in Ms. Moore being thrown to the ground, with concomitant substantial immediate pain as well as lingering ill effects, and that such attack was not made in a good faith effort to maintain or restore discipline, Ms. Moore will have established the claim of the loss of a constitutional right.

**Instruction No. 3:  Excessive Force**
**[Instruction 87-74C of Modern Federal Jury Instructions – Civil]**

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being arrested.  In other words, a law enforcement official may only employ the amount of force reasonably necessary under the circumstances to make the arrest.

In the instant case, Mr. Moore claims that he was subjected to excessive force by Officer Callahan when Officer Callahan arrested Mr. Moore.  To determine whether Officer Callahan's acts caused Mr. Moore to suffer the loss of a federal right, you must determine whether the

4

amount of force used to effect the arrest was that which a reasonable officer would have employed in effecting the arrest under similar circumstances. In making this determination, you may take into account such factors as the severity of the crime at issue, whether Mr. Moore posed an immediate threat to the safety of Officer Callahan or others, and whether Mr. Moore actively resisted arrest or attempted to evade arrest by flight. However, you do not have to determine whether Officer Callahan had less intrusive alternatives available, for Officer Callahan need only to have acted within that range of conduct identified as reasonable. If you find that the amount of force used was greater than a reasonable person would have employed, Mr. Moore will have established the claim of loss of a federal right.

### Instruction No. 4:  Unlawful Arrest

### [Instruction 87-74Aof Modern Federal Jury Instructions – Civil (modified)]

Mr. Moore also claims that Officer Callahan violated Mr. Moore's Fourth Amendment rights by arresting him without probable cause. Under the United States Constitution, no person may be arrested (that is, detained) without probable cause for such an arrest. This means that the police officers who made the arrest must collectively have information at the time of the arrest that would lead a reasonable person who possesses the same official expertise as the officers to conclude that Mr. Moore committed or was about to commit a crime. In this case, there is no dispute that Mr. Moore was arrested, thus the only question as to whether defendants violated Mr. Moore's Fourth Amendment rights by unlawfully arresting him is whether the arrest was an unlawful arrest or a justified arrest. If the defendants here lacked probable cause to arrest Mr. Moore, they would thereby deprive him of a federal right.

**Instruction No. 5:  Justified Arrest**

**[Final Jury Instructions, *Egudu v. D.C.*, No. 12-1841 (ABJ) (modified;**

**Final Jury Instructions, *Lane v. D.C.*, No. 12-cv-00514 (CRC) (modified)]**

It is the defendants' burden to prove that the arrest of Mr. Moore was legally justified, and they must do so by a preponderance of the evidence.  For an arrest without a warrant, there are several ways the defendants may prove the arrest was legally justified.

One way the defendants may prove the arrest was legally justified is to show that they had probable cause to arrest Mr. Moore.  An officer has probable cause to arrest if, at the time the arrest was made, a reasonable officer in his or her position would have reasonably believed that a crime has been or is about to be committed.  Thus, in this case, if you find that defendants had reason to believe that Mr. Moore had committed, was committing, or was about to commit a crime, then the defendants had probable cause to arrest the plaintiff.  If the defendants were legally justified in making the arrest, they are not liable for a violation of Mr. Moore's Fourth Amendment rights.

## Assault and Battery

**Instruction No. 6:  Assault**

**[1 Civil Jury Instructions for D.C. § 19.01 (modified)]**

In this case, Mr. Moore asserts claims for assault against the District of Columbia, Lieutenant Alter, and Officer Callahan.  An assault occurs when one person intentionally and unlawfully threatens or attempts to cause physical harm or offensive contact with another person. An assault can also occur when one person intentionally causes an apprehension of imminent physical harm or offensive contact with another person.  It must appear to the victim that the person making the threat or attempt has the present ability to carry out the harmful or offensive contact.  An assault can occur by words or acts, and actual physical contact is not necessary.

If you find that Lieutenant Alter and/or Officer Callahan committed an unlawful assault on Mr. Moore, then your verdict must be for Mr. Moore on those claims.

**Instruction No. 7:  Battery**

**[1 Civil Jury Instructions for D.C. § 19.03 (modified)]**

In this case, Mr. Moore asserts claims for battery against the District of Columbia, Lieutenant Alter, and Officer Callahan and Ms. Moore asserts claims of battery against the District of Columbia and Officer Callahan.  A battery occurs when one person intentionally and unlawfully touches or uses force on another person in a harmful, offensive, or insulting way.  The term "touching" includes direct contact.  "Touching" also refers to putting an object into motion that directly contacts another person or that contacts something connected with that person.  The defendant cannot be liable for battery if the plaintiff consented to be touched.

If you find that Lieutenant Alter or Officer Callahan has committed an unlawful battery on Mr. Moore and/or Officer Callahan has committed an unlawful battery on Ms. Moore, then your verdict must be for the plaintiffs on those claims.

**Instruction No. 8:  Assault and/or Battery--Excessive Force in Doing Lawful Act**

**[1 Civil Jury Instructions for D.C. § 19.05 (modified)]**

There are some circumstances in which threatening or actually using force is necessary to carry out a lawful act, such as when a police officer makes an arrest.   However, a person may threaten to use or actually use force only in the amount reasonably necessary to carry out the lawful act.

If you find, considering the circumstances as they appeared to Officer Callahan, that he used or threatened to use more force than was reasonably necessary to arrest Mr. Moore, then your verdict on Mr. Moore's assault and battery claims as to Officer Callahan must be for Mr. Moore.

7

# Appendix C
# Defendants' Proposed
# Non-Standard Jury Instructions

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANGELIQUE MOORE, *et al.* | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) 1:12-cv- 00490 (BAH) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' PROPOSED NON-STANDARD INSTRUCTIONS

Defendants, through undersigned counsel, submit the following proposed non-standard jury instructions.

**Proposed Non-Standard Jury Instruction No. 1:**

Elements of Claim Under 42 U.S.C.§ 1983

To establish a claim under  42 U.S.C.§ 1983, Plaintiffs  must establish, by a preponderance of the evidence, each of the following three elements: First, that the conduct complained of was committed by a person acting under color of state law; Second, that this conduct deprived him of the rights, privileges or immunities secured by the Constitution or laws of the United States; and Third, that the officer's acts were the proximate cause of the injuries and consequent damages sustained by Plaintiffs**.**

Adapted from Sand, MODERN FEDERAL JURY INSTRUCTIONS, Instruction 87-68

**Proposed Non-Standard Jury Instruction No. 2:**

Color of Law

Whether the defendant officers committed the acts alleged by Plaintiffs is a

2

question of fact for you, the jury, to decide. For purposes of this element of Plaintiffs'
burden of proof, because the officers were officials of the District of Columbia at the time
of the acts in question, they were acting under color of state law. In other words, the first
statutory requirement is satisfied.

Adapted from Sand, MODERN FEDERAL JURY INSTRUCTIONS, Instruction 87-70

**Proposed Non-Standard Jury Instruction No. 3**

State of Mind General

I instruct you that to establish a claim under 42 U.S.C. § 1983, Plaintiffs must
show that the defendant officers acted intentionally or recklessly. If you find that the
acts of the defendant officers were merely negligent, then, even if you find that
Plaintiffs were injured as a result of those acts, you must return a verdict in favor of
Defendants.

Adapted from Sand, MODERN FEDERAL JURY INSTRUCTIONS, Instruction 87-75.

**Proposed Non-Standard Jury Instruction No. 4**

State of Mind - Intentional

For purposes of this case, it is undisputed that the arrest was intentional, but you
must decide whether the officers intended to deprive the Plaintiffs of their Fourth and
Fifth Amendment constitutional rights. A deprivation of rights is intentional if it is
done voluntarily and deliberately with intent, and not because of mistake, accident or
negligence. In determining whether the officers acted with the requisite knowledge,
you should remember that while witnesses may see and hear and so be able to give
direct evidence of what a person does or fails to do, there is no way of looking into a

person's mind.  Therefore, you have to depend on what was done and what the people

involved said was in their minds and your belief or disbelief with respect to those facts.

Adapted from Sand, MODERN FEDERAL JURY INSTRUCTIONS, Instruction 87-76.

**Proposed Non-Standard Jury Instruction No. 5**

State of Mind – Recklessness

An act is reckless if done in conscious disregard of its known probable

consequences.  In determining whether the defendant officers acted with recklessness,

you should remember that while witnesses may see and hear and so be able to give direct

evidence of what a person does or fails to do, there is no way of looking into a person's

mind.  Therefore, you have to depend on what was done and what the people involved

said was in their minds and your belief or disbelief with respect to those facts.

Adapted from Sand, MODERN FEDERAL JURY INSTRUCTIONS, Instruction 87-77.

**Proposed Non-Standard Jury Instruction No. 6**

Proximate Cause – Generally

To prove the third element of their claim under 42 U.S.C. § 1983, Plaintiff s must

show that the Defendants' actions were a proximate cause of the injuries sustained by

Plaintiffs.  Proximate cause means that there must be a sufficient causal connection

between the act or omission of Defendants and any injury or damages sustained by

Plaintiffs.  An act or omission is a proximate cause if it was a substantial factor in

bringing about or causing injury, that is, if the injury or damage was a reasonably

foreseeable consequence of Defendants' act or omission.  If an injury was a direct result

or a reasonably probable consequence of Defendants' act or omission, it was proximately

4

caused by such act or omission.  In other words, if Defendants' acts or omissions had

such an effect in producing the injury that reasonable persons would regard it as being a

cause of the injury, then the act or omission is a proximate cause.  In order to recover for

damages sustained by Plaintiffs, they must show by a preponderance of the evidence that

such damages would not have occurred without the conduct of Defendants.

Adapted from Sand, MODERN FEDERAL JURY INSTRUCTIONS, Instruction 87-76.

**Proposed Non-Standard Jury Instruction No. 7**

Fourth Amendment/false arrest claim

Plaintiff Eric Moore has brought a claim of false arrest under the Fourth

Amendment.   A person commits a false arrest when he intentionally detains or restrains

another, for any length of time,  whether by actual force or threat of force, without a

warrant or other legal justification.  In this case there is no dispute that Officer Callahan

arrested Mr. Moore, so I charge you to find that he has satisfied the first required element

to prove his claim of false arrest. The question remains whether the arrest  was a false

arrest or a justified arrest.

Defendant Callahan has asserted the affirmative defense of justification to

Defendant Eric Moore's false  arrest claim.  Defendant Callahan must prove this defense

by a preponderance of the evidence.

Defendant Callahan may prove that the arrest was legally justified by showing that

he had probable cause for the arrest.  An officer has probable cause to arrest if he or she

has  reason to believe that a crime has been or is about to be committed.  If you find that

Officer Callahan had reason to believe that Mr. Moore had committed, was committing, or was about to commit a crime, then he had probable cause to arrest Mr. Moore.

Officer Callahan asserts that he had probable cause to arrest Mr. Moore for the crime of threats to do bodily injury. The elements for the crime of threatening to injure a person are as follows:

(1) a person uttered words heard by another person;

(2) the words used by the person were of such a nature as to convey to the ordinary hearer a menace or fear of bodily harm or injury or damage to his/her property; and

(3) the person intended to utter the words as a threat.

It is not necessary that the intended victim actually heard the words or that the intended victim learned of the words. Further, it does not matter whether, or to what degree, the threat engenders fear or intimidation in the intended victim. The gist of the crime is that the words had a reasonable tendency to intimidate. A threat that is to be carried out if the intended victim carries out some act that is his legal or moral right to perform is still considered a threat.

*See* **D.C. Code § 22-1810***; District of Columbia Criminal Jury Instructions 4.91; United States v. Smith, 337 A.2d 499, 503, n. 8 (1975), Postell v. United States, 282 A.2d 551 (D.C. 1971)*

**Proposed Non Standard Jury Instruction No. 8**

Fourth Amendment claim/excessive force

The plaintiff claims that Officer Callahan used excessive force in the course of this incident and that this use of force violated the decedent's civil rights under the Fourth

Amendment to the United States Constitution.  I instruct you that this aspect of Mr.

Moore's claims are against the individual police officers and not against the District of

Columbia.

The Fourth Amendment guarantees citizens the right "to be secure in their persons…

against unreasonable… seizures.  All claims that law enforcement officers have used

excessive force, in the course of an arrest, investigatory stop or other seizure of a free

citizen are analyzed under the Fourth Amendment and its reasonableness standard.  The

right of a police officer to make an arrest or investigatory stop carries with it the right to

use some degree of physical coercion to carry it out.  The reasonableness of a particular

use of force must be judged from the perspective of a reasonable officer on the scene,

rather than from the 20/20 vision of hindsight.

 The reasonableness inquiry in an excessive force case is an objective one.  The relevant

inquiry is whether the officer's actions are objectively reasonable in light of the facts and

circumstances confronting him, without regard to his underlying intent or motivation.

Thus, for plaintiff to prevail, you must find that plaintiff has shown by a preponderance

of the evidence that the officer used unreasonable force under the circumstances of this

case.  If the plaintiff has not convinced you that the officer used unreasonable force then

you must return a verdict in favor of the Defendant Officers.

*Plumhoff v. Rickard,* 134 S.Ct. 2012, 2020-21 (2014)
*Graham v. Connor*, 490 U.S. 386, 395-96 (1989).
*Wardlaw v. Picket*, 1 F.3d 1297, 1303 (D.C. Cir. 1993).

**Proposed Non Standard Jury Instruction No. 9**

Assault and Battery

Plaintiff Eric Moore alleges that he was assaulted and battered by Officer Callahan. This claim is against both Officer Callahan and the District of Columbia.  An assault is an intentional and unlawful attempt or threat, either by words or by acts, to do physical harm to the victim.  A battery is an intentional act that causes a harmful or offensive bodily contact.

If you find that the amount of force used was greater than that which a reasonable officer would have employed under similar circumstances, the Plaintiff will have established a claim of assault and battery.  If, however, the plaintiff has not shown by a preponderance of the evidence that officer Callahan used unreasonable force, then you must return a verdict in favor of the defendants for this claim.

*Holder v. District of Columbia*, 700 A.2d 738, 742. (D.C. 1997).
*Evans-Reid v. District of Columbia,* 930 A.2d 930 (D.C. 2007)

**Proposed Non Standard Jury Instruction No. 10**

Fifth Amendment Claim

Plaintiff Angelique Moore has made a Fifth Amendment claim against the officers based upon her allegation that Officer Callahan tackled her to the ground.  I instruct you that in order to amount to a violation of the Fifth Amendment the conduct of Officer Callahan must have been so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience. To determine whether the officer's actions shock the conscience, you may consider the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.

8

*County of Sacramento v. Lewis,* 523 U.S. 833, 847 n. 8, (1998).
*Norris v. District of Columbia,* 737 F.2d 1148, 1150 (D.C.Cir.1984)
*Feirson v. District of Columbia,* 315 F.Supp.2d 52, 61 (D.D.C.2004).

# Appendix D
# Jointly Proposed *Voir Dire*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                      )
**ANGELIQUE MOORE,** *et al.*                    )
                                                      )
     **Plaintiffs,**                              )
                                                      )
        **v.**                                      )    **1:12-cv-0490 (BAH)**
                                                      )
**DISTRICT OF COLUMBIA,** *et al.***,**          )
                                                      )
     **Defendants.**                             )
_____)

## JOINTLY  PROPOSED VOIR DIRE

1.    **(Statement of the Case)**

Have any of you learned anything about this incident before today?

2.    In this case the plaintiff and the defendants have indicated that they may call as

witnesses: **READ WITNESS LIST**.

Is there any member of the jury panel related to or acquainted with any of these persons?

3.    **(INTRODUCTION OF COUNSEL)**.

Does anyone know or has anyone had any dealings with counsel?

4.    Is there any member of the jury panel that has, or has a close family member that has

ever sued, filed a complaint, or made a claim for money against an employee of the District of

Columbia?

5.    Have you ever been a plaintiff (person suing) or defendant (person being sued) in a

lawsuit for any reason? (If yes, give details).  Did the suit settle or go to trial?  Were you

satisfied with the result?

6.     Have any of you or close friends or relatives made a complaint and/or filed a lawsuit related to conduct on the part of a police officer?

7.     Do you feel that because a witness is a police officer, that his or her testimony is entitled to more or less credibility, weight, or believability than that of any other witness?

8.     Have any of you, a member of your immediate family or a close friend ever had any dealings with the D.C. Metropolitan Police Department that would cause any of you to have negative feelings toward police officers in general?

9.     Have you, as a result of information from any source, formed an opinion concerning the District of Columbia Metropolitan Police Department that would make it difficult for you to be impartial in this case?

10.    Does any member of the jury panel have any preconceived opinion, bias or prejudice, in favor of or against claims brought against the police in a case involving allegations of false arrest?

11.    If selected as a juror in this case, will you set aside any information regarding police procedure, criminology or law enforcement practices that you may have obtained from television, newspapers or any other source, and will you decide the issues in this case based solely on the evidence you will hear during trial and the court's instructions?

12.    Do any of you or close friends or family members presently work for, or have any of you in the past worked for the Metropolitan Police Department or any other law enforcement or corrections agency?

13.    Are you or any member of your family currently employed, or have you or any member of your family ever been employed, by the District of Columbia government?

14.    Do you, either because of your job or for any other reason, come into regular contact

with any law enforcement officer or agency?

15.     Have any of you, your immediate family or close friends ever sat on a jury?  What kind of case?

16.     Have you, a close friend, or a member of your immediate family ever attended law school, had any legal training, or been employed by a lawyer or law firm?

17.     Has any member of the panel read any newspaper or magazine accounts or seen or heard any radio or television reports concerning alleged misconduct or improper practices by members of any police department which would impact their decision in this case?

18.     Have any of you in the last year attended a meeting, rally or protest involving alleged misconduct on the part of the police or to show support for law enforcement officers?

19.     Are you currently a member of any organization that to your knowledge is involved in or is seeking changes or reforms to police practices?

20.     Do any of you have any medical conditions, or are any of you taking any medications that would impair your ability to see and hear the witnesses in this case?

21.     Do you hold any religious or ethical beliefs that would prevent you from sitting as a juror and judging the conduct of the parties in this case?

22.     Is there anything you have heard so far or is there any other reason at all why you would not be able to sit on this case or why you would prefer to be excused?

23.     Is any member of the panel or a close friend or family member of yours an active, associate or auxiliary member of the Fraternal Order of Police, or ever contributed money to the FOP or any similar organization?

24.     Does any member of the jury panel believe that jury verdicts are too high, that there are too many lawsuits or that the civil justice system is in need of reform?

# **Appendix E**
# **Plaintiffs' Proposed Verdict Form**

<u>**Plaintiff's Proposed Jury Verdict Form**</u>

<u>**PLAINTIFF ANGELIQUE MOORE- FIFTH AMENDMENT**</u>

1.  Has Plaintiff Angelique Moore proven, by a preponderance of the evidence, that Defendant Michael Callahan violated her Fifth Amendment rights under the United States Constitution?

    _____Yes _____No

PROCEED TO QUESTION 2-6 ONLY IF YOU ANSWERED "YES" TO QUESTION 1.

2.  Has Plaintiff Angelique Moore proven, by a preponderance of the evidence, that Defendant John Alter violated her Fifth Amendment rights under the United States Constitution?

    _____Yes _____No

3.  Has Plaintiff Angelique Moore proven, by a preponderance of the evidence, that Defendant Jeremy Sharpton violated her Fifth Amendment rights under the United States Constitution?

    _____Yes _____No

4.  Has Plaintiff Angelique Moore proven, by a preponderance of the evidence, that Defendant Hilary Dossen violated her Fifth Amendment rights under the United States Constitution?

    _____Yes _____No

5.  Has Plaintiff Angelique Moore proven, by a preponderance of the evidence, that Defendant Tony Coles violated her Fifth Amendment rights under the United States Constitution?

    _____Yes _____No

6.  What amount of damages would make Plaintiff Angelique Moore whole for her emotional pain, suffering, inconvenience, mental anguish, loss of employment, and other noneconomic losses as a result of the violations you found?

    $ _____

2

**PLAINTIFF ANGELIQUE MOORE- COMMON LAW CLAIMS**

1.  Has Plaintiff Angelique Moore proven, by a preponderance of the evidence, that Defendant Michael Callahan was negligent and such negligence was the proximate cause of her injuries?

    _____Yes _____No

2.  Has Plaintiff Angelique Moore proven, by a preponderance of the evidence, that Defendant Michael Callahan negligently inflicted emotional distress on her?

    _____Yes _____No

3.  Has Plaintiff Angelique Moore proven, by a preponderance of the evidence, that Defendant Michael Callahan committed a battery against her?

    _____Yes _____No

4.  Has Plaintiff Angelique Moore proven, by a preponderance of the evidence, that Defendant John Alter was negligent in his supervision of Defendant Michael Callahan and that such negligence was the proximate cause of her injuries?

    _____Yes _____No

PROCEED TO QUESTION 5 ONLY IF YOU ANSWERED "YES" TO ANY OF QUESTIONS 1 THROUGH 4 ABOVE.

5.  In light of my instruction that the District of Columbia, as the employer of Defendants Alter and Callahan, is vicariously liable for those defendants' negligence, what amount of damages would make Plaintiff Angelique Moore whole for her emotional pain, suffering, inconvenience, mental anguish, loss of employment, and other noneconomic losses as a result of the negligence you found?

    $ _____

**PLAINTIFF ERIC MOORE- FOURTH AMENDMENT**

1. Has Plaintiff Eric Moore proven, by a preponderance of the evidence, that Defendant Michael Callahan violated his Fourth Amendment rights under the United States Constitution?

    _____Yes _____No

PROCEED TO QUESTIONS 2-6 ONLY IF YOU ANSWERED "YES" TO QUESTION 1.

2. Has Plaintiff Eric Moore proven, by a preponderance of the evidence, that Defendant John Alter violated his Fourth Amendment rights under the United States Constitution?

    _____Yes _____No

3. Has Plaintiff Eric Moore proven, by a preponderance of the evidence, that Defendant Jeremy Sharpton violated his Fourth Amendment rights under the United States Constitution?

    _____Yes _____No

4. Has Plaintiff Eric Moore proven, by a preponderance of the evidence, that Defendant Hilary Dossen violated his Fourth Amendment rights under the United States Constitution?

    _____Yes _____No

5. Has Plaintiff Eric Moore proven, by a preponderance of the evidence, that Defendant Tony Coles violated his Fourth Amendment rights under the United States Constitution?

    _____Yes _____No

6. What amount of damages would make Plaintiff Eric Moore whole for his emotional pain, suffering, inconvenience, mental anguish, and other noneconomic losses as a result of the violations you found?

    $ _____

4

**PLAINTIFF ERIC MOORE- COMMON LAW CLAIMS**

1. Has Plaintiff Eric Moore proven, by a preponderance of the evidence, that Defendant John Alter assaulted and battered him?

   _____Yes _____No

2. Has Plaintiff Eric Moore proven, by a preponderance of the evidence, that Defendant Michael Callahan assaulted him?

   _____Yes _____No

3. Has Plaintiff Eric Moore proven, by a preponderance of the evidence, that Defendant Michael Callahan battered him?

   _____Yes _____No

4. Has Plaintiff Eric Moore proven, by a preponderance of the evidence, that Defendant Michael Callahan negligently inflicted emotional distress upon him?

   _____Yes _____No

5. Has Plaintiff Eric Moore proven, by a preponderance of the evidence, that Defendants Michael Callahan, Jeremy Sharpton, and Hilary Dossen unlawfully arrested him?

   _____Yes _____No

6. Has Plaintiff Eric Moore proven, by a preponderance of the evidence, that Defendant John Alter was negligent in his supervision of Defendant Michael Callahan and that such negligence was the proximate cause of his injuries?

   _____Yes _____No

PROCEED TO QUESTION 7 ONLY IF YOU ANSWERED "YES" TO ANY OF QUESTIONS 1 THROUGH 6 ABOVE.

7. In light of my instruction that the District of Columbia, as the employer of Defendants Alter, Callahan, Sharpton, and Dossen, is vicariously liable for those defendants' negligence, what amount of damages would make Plaintiff Angelique Moore whole for her emotional pain, suffering, inconvenience, mental anguish, loss of employment, and other noneconomic losses as a result of the negligence you found?

   $ _____

5

**PLAINTIFFS – PUNITIVE DAMAGES – Angelique Moore**

1. Has Plaintiff Angelique Moore proven by clear and convincing of the evidence that any of the defendants other than the District of Columbia
   a. acted with evil motive, actual malice, deliberate violence or oppression, or with intent to injure, or in willful disregard for the rights of Angelique Moore, **AND**
   b. that such defendant's conduct itself was outrageous, or reckless toward the safety of Angelique Moore?

   _____Yes _____No

IF "YES," PLEASE PROCEED TO QUESTION NUMBER 2.

2. What punitive damages, if any, do you award against the defendant for which you responded "Yes" to Question Number 1?

   _____Yes _____No


**PLAINTIFFS – PUNITIVE DAMAGES – Eric Moore**

1. Has Plaintiff Eric Moore proven by clear and convincing of the evidence that any of the defendants other than the District of Columbia
   a. acted with evil motive, actual malice, deliberate violence or oppression, or with intent to injure, or in willful disregard for the rights of Eric Moore, **AND**
   b. that such defendant's conduct itself was outrageous, or reckless toward the safety of Eric Moore?

   _____Yes _____No

IF "YES," PLEASE PROCEED TO QUESTION NUMBER 2.

2. What punitive damages, if any, do you award against the defendant for which you responded "Yes" to Question Number 1?

   _____Yes _____No

6

This is our unanimous verdict.


_____          _____ _____
        Date                        Jury Foreperson

# **Appendix F**
# **Defendants' Proposed Jury Verdict Form**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

)
**ANGELIQUE MOORE,** *et al.*                       )
                                                 )
     **Plaintiffs,**                             )
                                                 )
          **v.**                                 )          **1:12-cv-0490 (BAH)**
                                                 )
**DISTRICT OF COLUMBIA,** *et al.*,              )
                                                 )
     **Defendants.**                             )
_____)

**DEFENDANTS' PROPOSED VERDICT FORM (INCLUDING QUALIFIED**
**IMMUNITY INTERROGATORIES)**

**Fifth Amendment Claim-Angelique Moore**

          1. Do you find that Plaintiff Angelique Moore has proven by a preponderance of the evidence that Officer Callahan violated her Fifth Amendment rights

                    _____Yes _____No

If you answered Yes to question 1, please answer the following question:

     Did Angelique Moore, Eric Moore and Officer Callahan fall to the ground as a result of the conduct of Angelique Moore?

                    _____Yes _____No

PROCEED TO QUESTION 2 through 5, ONLY IF YOU ANSWERED "YES" TO QUESTION 1.

          2. Do you find Plaintiff Angelique Moore has proven, by a preponderance of the evidence, that  Defendant John Alter violated her Fifth Amendment rights

                    _____Yes _____No

2

3. Do you find that Plaintiff Angelique Moore proven, by a preponderance of the evidence, that Defendant Jeremy Sharpton violated her Fifth Amendment

_____Yes _____No

4. Do you find that Plaintiff Angelique Moore has proven, by a preponderance of the evidence, that Defendant Hilary Dossen violated her Fifth Amendment rights?

_____Yes _____No

5. Do you find that Plaintiff Angelique Moore has proven, by a preponderance of the evidence, that Defendant Tony Coles violated her Fifth Amendment rights?

_____Yes _____No

**Plaintiff  ANGELIQUE MOORE- Common law claims**

6. Has Plaintiff Angelique Moore proven, by a preponderance of the evidence, that Defendant Michael Callahan was negligent and such negligence was the proximate cause of her injuries?

_____Yes _____No

7. Has Plaintiff Angelique Moore proven, by a preponderance of the evidence, that Defendant Michael Callahan negligently inflicted emotional distress on her?

_____Yes _____No

8. Has Plaintiff Angelique Moore proven, by a preponderance of the evidence, that Defendant Michael Callahan committed a battery against her?

_____Yes _____No

9. Has Plaintiff Angelique Moore proven, by a preponderance of the evidence, that Defendant John Alter was negligent in his supervision of Defendant Michael Callahan and that such negligence was the proximate cause of her injuries?

_____Yes _____No

If you have answered yes, to any of questions 1 through 9 what amount of damages, do you award Angelique Moore?

$_____

## PLAINTIFF ERIC MOORE- FOURTH AMENDMENT FALSE ARREST CLAIM

1. Has Plaintiff Eric Moore proven, by a preponderance of the evidence, that Defendant Michael Callahan violated his Fourth Amendment rights by arresting him without probable cause?

    _____Yes _____No

 If you answered Yes to question 1, please answer the following question

Did Eric Moore shout out to Officer Callahan that "I will kill you" or words to that effect?

_____Yes  _____No

PROCEED TO QUESTION 2 ONLY IF YOU ANSWERED "YES" TO QUESTION 1.

2. Has Plaintiff Eric Moore proven, by a preponderance of the evidence, that Defendant John Alter violated his Fourth Amendment rights by arresting him without probable cause?

    _____Yes _____No

3. Has Plaintiff Eric Moore proven, by a preponderance of the evidence, that Defendant Jeremy Sharpton violated his Fourth Amendment rights by arresting him without probable cause?

    _____Yes _____No

4. Has Plaintiff Eric Moore proven, by a preponderance of the evidence, that Defendant Hilary Dossen violated his Fourth Amendment rights by arresting him without probable cause?

    _____Yes _____No

5. Has Plaintiff Eric Moore proven, by a preponderance of the evidence, that Defendant Tony Coles violated his Fourth Amendment rights by arresting him without probable cause?

_____Yes _____No

**Eric Moore Common Law Claims-False Arrest**

6. Has Plaintiff Eric Moore proven, by a preponderance of the evidence, that Defendants Michael Callahan, Jeremy Sharpton, and Hilary Dossen falsely arrested him?

_____Yes _____No

7. Has Plaintiff Eric Moore proven, by a preponderance of the evidence, that Defendant John Alter was negligent in his supervision of Defendant Michael Callahan and that such negligence was the proximate cause of a false arrest?

_____Yes _____No

If you answered yes to any of questions 1 through 7, what amount of damages do you award Plaintiff Eric Moore for false arrest?

$_____

## PLAINTIFF ERIC MOORE FOURTH AMENDMENT-EXCESSIVE FORCE CLAIM

1. Has Plaintiff Eric Moore proven, by a preponderance of the evidence, that Defendant Michael Callahan violated his Fourth Amendment rights by utilizing excessive force during the course of the arrest

_____Yes _____No

If your answer to Question 1 is yes, please answer the following question.

Did Angelique Moore, Eric Moore and Officer Callahan fall to the ground as a result of the conduct of Angelique Moore?

_____Yes _____No

PROCEED TO QUESTION 2 ONLY IF YOU ANSWERED "YES" TO QUESTION 1.

2. Has Plaintiff Eric Moore proven, by a preponderance of the evidence that Defendant John Alter violated his Fourth Amendment /excessive force rights ?

_____Yes _____No

3. Has Plaintiff Eric Moore proven, by a preponderance of the evidence, that Defendant Jeremy Sharpton violated his Fourth Amendment/excessive force rights ?

_____Yes _____No

4. Has Plaintiff Eric Moore proven, by a preponderance of the evidence that Defendant Hilary Dossen violated his Fourth Amendment/excessive force rights?

_____Yes _____No

5. Has Plaintiff Eric Moore proven, by a preponderance of the evidence that Defendant Tony Coles violated his Fourth Amendment rights/excessive force rights

_____Yes _____No

**PLAINTIFF ERIC MOORE- COMMON LAW CLAIMS**

6.  Has Plaintiff Eric Moore proven, by a preponderance of the evidence, that Defendant Michael Callahan assaulted and battered him?

_____Yes _____No

7.   Has Plaintiff Eric Moore proven, by a preponderance of the evidence, that Defendant Michael Callahan negligently inflicted emotional distress upon him

_____Yes _____No

If your answer to any of Questions 1-7 is yes, what amount of damages do you award  Eric Moore?

$_____

8.   . Has Plaintiff Eric Moore proven, by a preponderance of the evidence that Defendant John Alter assaulted and battered him?

_____Yes _____No

6

If your answer to Question 8 is yes, what amount of damages do you award Plaintiff Eric Moore for this violation.

$_____

Dated: _____

_____
Signed:  FOREPERSON